IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02759-REB-BNB

DARLEAN WOODS,

Plaintiff,

v.

COMFORT DENTAL EAST AURORA, a Colorado profit corporation,
JAMES PARTIFF,
MATTHEW CARLSON,
JEFFERY VARNER, and
RICHARD DOERHOFF, individually and in their capacity as supervisors

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on **Defendants' Motion to Dismiss** [Doc. #8, filed 12/13/2010] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986);

<u>Mitchell v. King</u>, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  <u>Alvarado v. KOB-TV, L.L.C.</u>, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds by <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.  The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

<u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

Case 1:10-cv-02759-REB-BNB   Document 15   Filed 07/28/11   USDC Colorado   Page 3 of 10

## II.  BACKGROUND

The plaintiff filed her Complaint and Jury Demand (the "Complaint") in the Arapahoe County District Court on October 4, 2010 [Doc. #1-1].  The defendants removed the action to this court on November 11, 2010 [Doc. #1].  The Complaint alleges that the plaintiff suffered gender and race discrimination in violation of Title VII of the Civil Rights Act if 1964 when she received a written warning and when she was terminated from her employment at Comfort Dental East Aurora ("Comfort Dental").  The plaintiff also asserts a claim against the defendants for defamation.[1]

## III.  ANALYSIS

### A.  Termination Claim

The defendants assert that the court lacks jurisdiction over the plaintiff's claim for wrongful termination because she did not file a charge of discrimination based on her termination.  Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing a Title VII action in federal court.  Woodman v. Runyan, 132 F.3d 1330, 1341 (10th Cir. 1997).[2]

The defendants present a factual challenge to subject matter jurisdiction.  Therefore, I do not presume the truthfulness of the factual allegations in the Complaint.  Instead, I have wide

---

[1]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

[2]The "filing [of] a *timely* charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court."  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (emphasis added).  Under the law of this circuit, however, a *complete failure* to file a charge deprives the court of subject matter jurisdiction.  Jones v. Runyon, 91 F.3d 1398, 1399-1400, n.1 (1996); Hawkins v. Defense Logistics Agency of the Dept. of Defense, 99 F.3d 1149, 1996 WL 606469, *1, n.1 (10th Cir. Oct. 23, 1996).

discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts. Holt, 46 F.3d at 1003.

To exhaust administrative remedies, a putative plaintiff must present her claim to the Equal Employment Opportunity Commission ("EEOC") in a timely-filed charge of discrimination for which she receives a right-to-sue letter.  Simms v. Oklahoma ex. rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999).  In Colorado, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1); Castaldo v. Denver Public Schools, 276 Fed.Appx. 839, 841-42 (10th Cir. May 5, 2008) (recognizing that because Colorado is a state with an agency empowered to investigate employment discrimination, a complainant has 300 days rather than 180 days to file a charge of discrimination).

In a gender or race discrimination claim, "[e]ach discrete incident of [discriminatory] treatment constitutes its own unlawful employment practice for which administrative remedies must be exhausted."  Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003).  "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act."  National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

"The party seeking to invoke the jurisdiction of a federal court must prove that the case is within the court's subject matter."  Henry v. Office of Thrift Supervision, 43 F.3d 507, 512 (10th Cir. 1994).

4

The plaintiff alleges that she was terminated on or about August 9, 2009. *Complaint*, p. 1. She states that she "did contact the EEOC multiple times while employed by Comfort Dental and after she was fired for discriminatory reasons to inform them of her termination." *Plaintiff's Response to Defendants Reply to Defendants Motion to Dismiss* [Doc. #14] (the "Sur-reply), p. 1. The EEOC's regulations concerning Title VII require that "[a] charge shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9 (2007). The plaintiff does not provide any argument or evidence to show that she filed a written, signed, and verified charge with the EEOC regarding her termination claim. Therefore, she has failed to meet her burden to show that she exhausted her claim, and the court does not have subject matter jurisdiction over the claim. The Motion should be granted to the extent it seeks dismissal of the plaintiff's claim for discriminatory termination.

### B.   Title VII Claims Against the Individual Defendants

The defendants state that the Title VII claims against the individual dentists must fail because there is no individual liability under Title VII. *Motion*, pp. 4-5. The Tenth Circuit has stated:

> Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly. Therefore, because the suit against [plaintiff's supervisor] could proceed only in his official capacity, it operated as a suit against [plaintiff's employer] itself ...
>
> ... [A]n individual qualifies as an "employer" under Title VII [solely for purposes of imputing liability to the true employer] if he or she serves in a supervisory position and exercises significant

5

> control over the plaintiff's hiring, firing, or conditions of
> employment. In such a situation, the individual operates as the
> alter ego of the employer, and the employer is liable for the
> unlawful employment practices of the individual without regard to
> whether the employer knew of the individual's conduct.

Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996) (quoting Sauers v. Salt Lake County, 1

F.3d 1122, 1125 (10th Cir. 1993)).

Under Haynes, the individual defendants may not be sued in their individual capacities.

Moreover, because the plaintiff names Comfort Dental as a defendant, it is redundant to name

the individual defendants in their official capacities.  Stump v. Gates, 777 F.Supp. 808, 816 n.3

(D.Colo. 1991), *affirmed* 986 F.2d 1429, 1993 WL 33875, *3 (10th Cir. Feb. 11, 1993).

The Motion should be granted insofar as it seeks dismissal of the Title VII claims as against the

individual defendants.

### C.   Written Warning Claim

The defendants assert that the plaintiff's claim based on the written warning must be

dismissed because the warning does not constitute an adverse employment action.  *Motion*, pp.

5-6.

It is unlawful for an employer to discriminate against an individual based on the

individual's race or gender.  42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 623(a)(1).  To establish a

claim of race or gender discrimination, the plaintiff has the initial burden of establishing a prima

facie case of discrimination by a preponderance of the evidence.  St. Mary's Honor Center v.

Hicks, 509 U.S. 502, 506 (1993); James v. Sears, Roebuck and Co., Inc., 21 F.3d 989, 992 (10th

Cir. 1994).  If this burden is met, the burden shifts to the employer to establish a legitimate,

nondiscriminatory reason for its conduct.  St. Mary's Honor Center, 509 U.S. at 506-07; James,

21 F.3d at 992.  If the employer meets its burden, the plaintiff must then prove by a preponderance of the evidence that the employer's reasons for its conduct are pretext for intentional discrimination.  <u>St. Mary's Honor Center</u>, 509 U.S. at 515-16; <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Cone v. Longmont United Hosp. Assoc.</u>, 14 F.3d 526, 529 (10th Cir. 1994).

A prima facie case of race or gender discrimination requires a showing that: (1) the plaintiff "is a member of a protected class," (2) the plaintiff "suffered an adverse employment action," (3) the plaintiff was qualified for her job, and (4) the plaintiff "was treated less favorably than others not in the protected class."  <u>Turner v. Pub. Serv. Co. of Colo.</u>, 563 F.3d 1136, 1142 (10th Cir. 2009).

The Tenth Circuit liberally defines "adverse employment action":

> Such actions are not simply limited to monetary losses in the form of wages or benefits.  Instead, we take a case-by-case approach, examining the unique factors relevant to the situation at hand. Nevertheless, we will not consider a mere inconvenience or an alteration of job responsibilities to be an adverse employment action.  <u>Crady v. Liberty Nat' Bank & Trust Co.</u>, 993 F.2d 132, 136 (7th Cir. 1993); <u>see also</u> <u>Burlington Indus., Inc. v. Ellerth</u>, 524 U.S. 742, ----, 118 S.Ct. 2257, 2268, 141 L.Ed.2d 633 (1998) (conduct is adverse employment action if it "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"); <u>Spring v. Sheboygan Area Sch. Dist.</u>, 865 F.2d 883, 886 (7th Cir. 1989) (principal's change in assignment was not an adverse employment action despite her increased commute and belief that the public perceived the transfer "as a 'nudge towards retirement'").

<u>Sanchez v. Denver Public Schools</u>, 164 F.3d 527, 532 (10th Cir. 1998) (quotations and citations omitted except where noted).

"A written warning may be an adverse employment action only if it effects a significant change in the plaintiff's employment status."  Haynes v. Level 3 Communications, LLC, 456 F.3d 1215, 1224 (10th Cir. 2006) (emphasis omitted).  A change in employment status can be found where the effect of the warning "on the plaintiff's employment status was an immediate placement in an at-risk status" for termination, or if the warning constituted a demotion, a pay change, or a significant modification of responsibilities.  Id. at 1224-25.

It is plausible from the plaintiff's allegations and the attachments to the Complaint that her written warning effected a significant change in her employment status.  Therefore, this issue is not appropriately determined on a motion to dismiss.  The Motion should be DENIED to the extent is seeks dismissal of the plaintiff's claim for discrimination based on receiving a written warning.

### D.   Defamation Claim

The defendants assert that the plaintiff's allegations of defamation fail to state a claim upon which relief can be granted.  *Motion*, p. 6.  The plaintiff's defamation claim is stated in one sentence: "Mrs. Woods also alleges that the defendants James Parfitt, Matthew Carlston, Jeffery Varner, and Richard Doerhoff did in fact violate her rights by causing injury to her reputation, name, and character (Defamation of character) . . . ."  *Complaint*, p. 1.

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).  "[T]o state a claim in federal court, a

complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1163 (10th Cir. 2007).

The plaintiff's conclusory statement is not sufficient to state a claim upon which relief can be granted.  The motion should be granted insofar as it seeks dismissal of the plaintiff's defamation claim.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART as follows:

(1)   GRANTED to the extent it seeks dismissal of the plaintiff's claim for discriminatory termination of her employment;

(2)   GRANTED to the extent it seeks dismissal of the plaintiff's claim for defamation;

(3)   GRANTED insofar as it seeks dismissal of the individual defendants; and

(4)   DENIED insofar as it seeks dismissal of the plaintiff's claim for discrimination based on the issuance of a written warning.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of

Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated July 28, 2011.

                         BY THE COURT:

                          s/ Boyd N. Boland
                         United States Magistrate Judge