IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02759-REB-BNB

DARLEAN WOODS,

Plaintiff,

vs.

COMFORT DENTAL EAST AURORA,

Defendant.

**PROTECTIVE ORDER**

Plaintiff, Darlean Woods, and Defendant, Comfort Dental East Aurora (collectively referred to as the "Parties" or each individually as a "Party"), are bound by the terms of this Protective Order.

This Protective Order is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents produced pursuant to the terms of this Protective Order. Documents deemed to be "confidential" shall be so designated in accordance with this Protective Order. Similarly, all corresponding testimony given by witnesses will be so designated.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, pursuant to the Court's authority under the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that:

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed or produced pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2.	As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. Proc. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.	Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy interests of Plaintiff or Defendant or third parties and/or information contained in confidential business records, personnel records, documents, materials and communications. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.	CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a)	attorneys who are actively working on this case;

    (b)	persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    (c)	the Parties, including human resources and management employees employed by Defendant;

    (d)	expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

    (e)	the Court in this case and its employees ("Court Personnel");

    (f)	stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

    (g)	deponents; and

    (h)	other persons by written agreement of the Parties.

5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), the disclosing Party shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  Such written acknowledgment shall be in the form as provided in Exhibit A to this Protective Order, attached hereto and incorporated herein.  All such acknowledgments shall be retained by counsel or the Party if not represented by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL" or by designating them as "CONFIDENTIAL" in correspondence between the Parties.

7.  In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as "Confidential" in a written communication or in an electronic mail message to the nonproducingparty as set forth in Paragraph 6 above.

8.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to the Parties within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.  A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made and the specific basis for such objection.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter continue to be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.  **Motions to seal must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~Any pleadings, motions or other documents, or portions thereof, containing CONFIDENTIAL information that are filed with the Court, as well as any exhibits containing CONFIDENTIAL information that are attached to any pleadings, motions or other documents that are filed with the Court, shall be labeled "CONFIDENTIAL" and filed under seal in accordance with D.C.COLO.LCivR 7.2.~~

= "FIRST PAGE ONLY"  = 1

5

11.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the Party that designated it CONFIDENTIAL within forty-five (45) days of conclusion of the action, or the Parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each Party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents.  Where the Parties agree to destroy CONFIDENTIAL documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated September 2, 2011.

                                                                BY THE COURT:

                                                                 s/ Boyd N. Boland
                                                                United States Magistrate Judge

## **EXHIBIT A**

## **WRITTEN ACKNOWLEDGEMENT TO PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has carefully and completely read the Protective Order in the pending litigation between Darlean Woods and Comfort Dental East Aurora; that he/she is one of the persons contemplated in Paragraph 4 of the Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Protective Order.  The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Protective Order.

Date:  _____

_____
Signature

_____
Title or Position

_____
Printed Name

= "FIRST PAGE ONLY"  = 1