IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02759-REB-BNB

DARLEAN WOODS,

Plaintiff,

v.

COMFORT DENTAL EAST AURORA, a Colorado profit corporation,

Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1) **Defendant's Motion to Compel Plaintiff to Return Defendant's Confidential Documents** [Doc. # 48, filed 2/13/2012] (the "Motion to Compel Return");

(2) **Plaintiff's Motion to Add Witnesses to Final Pre Trial Order** [Doc. # 55, filed 2/28/2012] (the "Motion to Amend Pretrial Order");

(3) **Plaintiff's Motion to Reserve Discovery Request to Defendant's Comfort Dental** [Doc. # 56, filed 2/28/2012] (the "Motion to Reopen Discovery"); and

(4) **Plaintiff's Revised Exhibit List** [Doc. # 61, filed 3/5/2012].

The plaintiff is proceeding pro se, and I must liberally construe her filings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, the plaintiff must "follow the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

### 1.  Motion to Compel Return [Doc. # 48]

In its Motion to Compel Return, the defendant argues that the plaintiff, a former employee, had access during her employment to "confidential patient information" and that she surreptitiously and without approval "took documents from Comfort Dental that contain confidential information, including information pertaining to patients."  Motion to Compel Return [Doc. # 48] at pp. 1-2.  The defendant seeks an order requiring that the plaintiff return the confidential patient information and barring her use and/or disclosure of that information.  Id. at p. 5.

The plaintiff does not deny that she copied patient records and took them without permission.  She argues, instead, that she took the documents as proof that the defendant discriminated against her when it gave her a final written warning and that she needs the information to "prove the plaintiff was in fact doing her job correctly at the time she was given her non legitimate discriminatory write up."  Response [Doc. # 58] at p. 2.  The plaintiff also states that she will use the information "for the purpose of trial only" and that she "has not and will not use any identifying patient information in any way."  Id.

The documents at issue are captioned "CP & Starts/Lab Cases."  They contain patients' names, a code for "type of case," a code for the responsible doctor, and an entry indicating whether lab reports were found.  Although the documents appear to contain patient information, the information does not appear to be intimate or embarrassing.  The information does appear to be relevant to matters in dispute in this action and would have been discoverable had an appropriate request for production been served.

Her assurances notwithstanding, the plaintiff has disclosed identifying patient

information by causing copies of the confidential patient information, complete with the patient names, to be filed unrestricted as exhibits to her Response.  Response [Doc. # 58] at pp. 4-18.  As a result, I have caused access to the Response to be limited.

Under these circumstances, I find that the confidential patient information taken by the plaintiff should be treated as confidential and should be used for purposes of this case only.  The plaintiff shall not disclose the confidential patient information to any person other than defense counsel and the court.  The plaintiff should assure that if she files any of the confidential information with the court, she seek to have access restricted pursuant to D.C.COLO.LCivR 7.2.

### 2. Motion to Amend Pretrial Order [Doc. # 55]

I entered a Final Pretrial Order [Doc. # 51] on February 14, 2012.  Two weeks later the plaintiff filed her Motion to Amend Pretrial Order [Doc. # 55] seeking leave to add six additional witnesses.  The defendant does not oppose the request, and seeks to add to its own list one of the witnesses identified by the plaintiff.  Consequently, the Motion to Amend Pretrial Order [Doc. # 55] is granted.

### 3. Motion to Reopen Discovery [Doc. # 56]

The Scheduling Order [Doc. # 25] set a discovery cut-off of December 30, 2011, and required that all written discovery be served "so that responses are due on or before the discovery cut-off."  Scheduling Order [Doc. # 25] at pp. 6 and 8.  Despite these requirements, the plaintiff served written discovery on December 19, 2011, and later moved to compel responses to the discovery.  Motion to Compel [Doc. # 41].  I denied the plaintiff's Motion to Compel, finding that the discovery was untimely.  Order [Doc. # 52] at p. 2.

The plaintiff's sole basis for seeking to reopen discovery is that the original trial date has

been vacated and the trial has not been reset.  Motion to Reopen Discovery [Doc. # 56] at p. 1.

The plaintiff does not address the fact that a final pretrial order has been entered, specifying all

witnesses and exhibits which will be allowed at trial.  Nor does the plaintiff offer any excuse for

her failure to serve the written discovery in a timely manner.  Consequently, the plaintiff has

failed to show good cause of excusable neglect justifying an order reopening discovery, and the

Motion to Reopen Discovery [Doc. # 56] is denied.

### 4. Plaintiff's Revised Exhibit List [Doc. # 61]

Finally, in connection with the Final Pretrial Order, I required the parties to submit

revised exhibit lists.  Final Pretrial Order [Doc. # 51] at p. 12.  The plaintiff complied, but she

improperly attached copies of her exhibits to her Revised Exhibit List [Doc. # 61], including

copies of the confidential patient information discussed in Part 1 above.  Once again, the plaintiff

has improperly made public information that should be maintained as confidential and should not

filed with the court except under limited access pursuant to D.C.COLO.LCivR 7.2.

Access to the Plaintiff's Revised Exhibit List [Doc. # 61] is limited to Level 1.

The plaintiff is cautioned that she must not file the confidential patient information

except under limited access.  Her continued filing of that information in the public domain may

result in the imposition of sanctions, including dismissal of her case.

IT IS ORDERED:

(1)    The Motion to Compel Return [Doc. # 48] is GRANTED IN PART and DENIED

IN PART as follows:

• GRANTED to require the plaintiff to treat the confidential patient information

as confidential; for use in this case only; not to disclose it to any person other than defense

counsel and the court; and to require that it be filed, if at all, subject to limited access pursuant to D.C.COLO.LCivR 7.2; and

• DENIED in all other respects.

(2) The Motion to Amend Pretrial Order [Doc. # 55] is GRANTED, and the plaintiff's witness list is amended to include the following witnesses:

• Ms. Yahana Sanchez;

• Dr. Matthew Carlson;

• Dr. Jeffery Varner;

• Dr. James Parfitt;

• Ms. Holly Duffy; and

• Ms. Sophea Lilly Sathkha.

(3) The Motion to Reopen Discovery [Doc. # 56] is DENIED.

(4) Plaintiff's Revised Exhibit List [Doc. # 61] is subject to restricted access at Level 1. The plaintiff is cautioned that any further filing of confidential patient information not subject to limited access pursuant to D.C.COLO.LCivR 7.2 may result in the imposition of sanctions, including dismissal of this action.

Dated March 6, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge