**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  10-cv-02759-REB-BNB

DARLEAN WOODS,

     Plaintiff,

v.

COMFORT DENTAL EAST AURORA, a Colorado profit corporation,

     Defendant.

---

**ORDER DENYING MOTION TO APPEAL ORDER ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matter before me is **Plaintiff's Motion To Appeal Order Adopting
Recommendation of the United States Magistrate Judge** [#73][1] filed July 10, 2012.
Plaintiff seeks reconsideration of my order adopting the magistrate judge's
recommendation to grant defendants' motion for summary judgment.  (**See Order
Adopting Recommendation of the United States Magistrate Judge** [#68] filed May
24, 2012.)  Because the motion was filed more than 28 days after the entry of the **Final
Judgment** [#69] filed May 29, 2012, **see FED. R. CIV. P.** 59(b), I consider it a request
for relief from judgment pursuant to Fed. R. Civ. P. 60(b).  Thus construed, I deny the
motion.

---

[1]  "[#73]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's electronic case filing and management system (CM/ECF).  I use this
convention throughout this order.

Relief under Rule 60(b) requires a showing of exceptional circumstances

warranting relief from judgment.  ***Van Skiver v. United States***, 952 F.2d 1241, 1243

(10th Cir. 1991).  A litigant shows exceptional circumstances by satisfying one or more of

the grounds for relief enumerated in Rule 60(b).  ***Id***. at 1243-44.  Here, the only possibly

applicable ground for relief under Rule 60(b) is provided by subparagraph (6), which

contemplates relief from judgment based on "any other reason that justifies relief."  **FED.**

**R. CIV. P.** 60(b)(6).

I perceive nothing in plaintiff's substantive motions to suggest that such

extraordinary relief is warranted in this case.  Although plaintiff claims that she did not

receive a copy of the magistrate judge's recommendation, the docket clearly reflects

that the document was mailed to her at her current address on the date it was entered.

Plaintiff avers that she became aware of the recommendation on May 20, 2012,[2] but

"[b]y the time [she] tried to object or respond to the recommendations [*sic*] she had

already received the Adopting Order."  If plaintiff was in fact diligently crafting a

response to the recommendation thereafter, it is not clear why she did not file the

instant motion until more than 45 days after the entry of my order.

Finally, nothing in plaintiff's motion demonstrates that the decision to grant

defendant's motion for summary judgment was erroneous.  Plaintiff's nonspecific and

unsubstantiated assertions that defendants and their counsel "submitted may false

statements," which accusations already were advance in her response to the motion for

---

[2] Under the Federal Rules of Civil Procedure and the Local Rules of this District, any objections to the magistrate judge's recommendation, filed April 25, 2012, were due 17 days later by no later than May 12.

summary judgment, provide no basis for undermining the substantive decision of this

court.  ***See Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000)

(noting that a motion to reconsider is not an appropriate vehicle "to revisit issues already

addressed or advance arguments that could have been raised in prior briefing").

    **THEREFORE, IT IS ORDERED** it is ordered that **Plaintiff's Motion To Appeal**

**Order Adopting Recommendation of the United States Magistrate Judge** [#73] filed

July 10, 2012, is **DENIED**.

    Dated July 27, 2012, at Denver, Colorado.

                                    **BY THE COURT:**

                                    Robert E. Blackburn
                                    United States District Judge